**Dudi ISKANDAR, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–4580.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 19, 2004.

Decided Dec. 3, 2004.

Before SCIRICA, Chief Judge, MCKEE and CHERTOFF, Circuit Judges.

OPINION

CHERTOFF, Circuit Judge.

Dudi Iskandar petitions this Court for review of a final order of deportation entered by the Board of Immigration Ap-

peals (BIA). The BIA affirmed, without opinion, a decision by an Immigration Judge (IJ) rejecting Iskandar's request for asylum, withholding of removal, and relief under the Convention Against Torture. Because we find that the IJ's decision was supported by substantial evidence, we will deny the petition.

## I.

Iskandar is a citizen of Indonesia who arrived in the United States on October 3, 2000 with a three-month visa. In January 2001, Iskandar applied for asylum, withholding of deportation, and relief under the Convention Against Torture, alleging that he faced persecution in Indonesia for his political views. In support of his asylum application, Iskandar submitted three separate affidavits detailing the alleged persecution he had received in Indonesia because of his political views and the political activities of two of his brothers.

A hearing was held before the Immigration Judge (IJ) on March 28, 2002, during which Iskandar testified in support of his application. He recounted how his two brothers, who were active in an anti-government political party, faced harassment for their views. In particular, he testified that both brothers were badly beaten when they refused to participate in a series of riots which took place in 1998. In addition, he testified that one of his brothers was arrested by the government for "wishing to find truth."

Iskandar also testified that he faced harassment because of his brothers' activities. In particular, he recounted three incidents which occurred in May 1999 in which several members of the left-wing political party, which controls the government in Indonesia, arrived at his store demanding to know his brothers' whereabouts. They twice threatened to kill him, and on a third occasion threatened to destroy his store. Following the third incident, Iskandar moved to another part of Indonesia for six months. When he returned, his house had been badly damaged.

At the conclusion of the hearing, the IJ denied Iskandar's application, finding that his story lacked the credibility and specificity necessary to support a claim of asylum. In particular, she found that certain discrepancies between Iskandar's testimony before her and the statements he made in his affidavits undermined his credibility. In addition, she found several statements he made in his testimony to be implausible, such as his assertion that he knew nothing about the whereabouts of his parents or brothers. She also noted that he had failed to mention his brother's arrest on his asylum application, despite the fact that the application specifically asks whether any family members have been arrested. Finally, she concluded that Iskandar's testimony had not established that he had been persecuted on the basis of his political beliefs, particularly in light of the fact that his brothers and the leader of the party to which his brothers belonged were able to live in Indonesia free of harassment.

## II.

Because the BIA affirmed the IJ's decision without a written opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), we will treat that decision as the final action of the agency and scrutinize it accordingly. See Dia v. Ashcroft, 353 F.3d 228, 243 (3d Cir.2003) (en banc). We will affirm the factual determinations of the IJ unless we find that they are not supported by substantial evidence. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002).

An asylum applicant must demonstrate that he or she has been subject to persecution or has a reasonable fear of persecu-

590

tion on any one of five enumerated grounds, including political opinion. *See* 8 U.S.C. § 1101(a)(42)(A). As this Court has found, persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS,* 12 F.3d 1233, 1243 (3d Cir.1993). In particular, the term "persecution" only applies to harassment that "is committed by the government or forces the government is either 'unable or unwilling' to control." *Gao,* 299 F.3d at 272 (citation omitted).

We find that the IJ's conclusion that Iskandar's story did not establish with enough specificity that he had been subject to persecution is supported by substantial evidence. Iskandar testified that, on three occasions, a group came to his store demanding to know the whereabouts of his brothers and asking for money. Although he testified that the threats were delivered by members of "the left wing party," he did not offer any evidence showing that the Indonesian government was behind the harassment. In addition, there was no testimony showing that the government was "unable or unwilling" to protect him from future harassment.[1] Finally, as the IJ noted, the alleged harassment occurred entirely because of the political activities of Iskandar's brothers. Iskandar has not alleged that he himself is currently a member of any political party or otherwise active in Indonesian politics, and the record does not demonstrate that he was ever harassed for his own beliefs.[2] While an individual who is targeted because of the political activities of family members may be able to prove past persecution, the IJ reasonably concluded that the events testi-

fied to by Iskandar do not rise to that level. As the IJ observed, the harassment Iskandar faced was most likely due to the economic situation in Indonesia rather than his political views.

Based on our review of the record, we find that substantial evidence justifies the conclusion that Iskandar's testimony, even if accepted as true, simply does not support a finding that he has been persecuted because of his political beliefs. Because we will affirm the decision on these grounds, we need not address the sufficiency of IJ's credibility findings.

We will therefore deny the petition.

1. Iskandar did state in one of his affidavits that, after giving money to a group of "rioters," he "reported the robbery to the police but the police did not do anything." Still, there is no evidence that he informed the police that he was being threatened by the group.

2. Iskandar did testify that he was a member of a political party in college.